**TAULER SMITH, LLP**
Robert Tauler (SBN 241964)
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Telephone: (310) 590-3927
e-Mail: rtauler@taulersmith.com

Attorneys for Plaintiff
*Bridgette Davis*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETTE DAVIS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>SHUTTERSTOCK, INC., a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>            Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>  **1. VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, *et seq.*; and**<br><br>  **2. VIOLATIONS OF THE UNFAIR COMPETITION LAW (BUS. & PROF. CODE, §§ 17200, *et seq.*)**<br><br>**(*Jury Trial Demanded*)** |

Plaintiff Bridgette Davis ("Plaintiff"), individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth in this complaint, after a reasonable opportunity for discovery.

## INTRODUCTION AND SUMMARY OF CLAIMS

1.     Plaintiff brings this Class Action Complaint to challenge Shutterstock, Inc.'s ("Shutterstock" or "Defendant") deceptive advertising practices with respect to its automatic renewal and continuous service offers of a "FLEX 10 Subscription" it provides to consumers.  Among other things, Shutterstock (a) enrolls consumers in automatic renewal and continuous service subscriptions without providing clear and conspicuous disclosures about the program or the associated charges; (b) charges consumers' credit and debit cards without first obtaining their "affirmative consent" to the charge; and (c) fails to provide a cost-effective, timely, and easy-to-use mechanism for cancellation.

2.     In short, Shutterstock's automatic renewal and continuous service offers violate California's Automatic Renewal Law (the "ARL"), Cal. Bus. & Prof. Code §§ 17600, *et seq.*, which requires companies like Shutterstock to clearly and conspicuously explain "automatic renewal offer terms."  As a result of these ARL violations, Shutterstock has violated the California Consumer Legal Remedies Act (the "CLRA"), Cal. Civ. Code §§ 1750, *et seq.  See King v. Bumble Trading, Inc.*, 393 F.Supp.3d 856, 870 (N.D. Cal. 2019) (an ARL violation can form the basis for a CLRA claim); *see also Johnson v. Pluralsight, LLC*, 728 F. App'x 674, 676–77 (9th Cir. 2018) ("[Plaintiff's] complaint alleges that Pluralsight violated the ARL by charging him without first providing information on how to cancel the subscription. The record also indicates that consumers signing up for trial subscriptions were not specifically given instructions on how to cancel before payment. This amply satisfies the UCL requirement that an unlawful business practice be any violation of 'other laws.'").

3.     Shutterstock has also violated the CLRA because (a) it "[u]ses[] deceptive representations . . . in connection with [its] services" and "[a]dvertis[es] . . . [its] services with [the] intent not to sell them as advertised."  *See* Cal. Civ. Code §§ 1770(a)(4) & (9).

4.     In addition, because Shutterstock's automatic renewal "business practices" violate the ARL, they also violate California Business & Professions Code §§ 17200 (the "UCL").  *See, e.g., Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950 (2002) (upholding false advertising claims against Nike; the Supreme Court explained that the "unlawful" prong of § 17200 makes a violation of the underlying law a *per se* violation of the UCL; the court held, "The UCL's scope is broad. By defining unfair competition to include any '*unlawful* . . . business act or practice,' the UCL permits violations of other laws to be treated as unfair competition that is independently actionable.") (emphasis in original); *see also Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal.4th 553, 561 (1998), *overruled on other grounds in Arias v. Superior Court*, 46 Cal.4th 969 (2009) (holding that § 17200 allows a remedy even if the underlying statute confers no private right of action).  California law is clear that virtually any law or regulation—here, the ARL—can serve as a predicate for a § 17200 "unlawful" violation.  *See People v. E.W.A.P., Inc.*, 106 Cal.App.3d 315, 319 (1980); *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383 (1992) (holding that § 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under § 17200).

5.     Plaintiff, on behalf of herself and the Classes (defined below), seeks to obtain actual damages, injunctive relief, restitution, punitive damages, and other appropriate relief as a result of these violations.  *See* Cal. Civ. Code § 1780(a)(1) – (5); Cal. Bus. & Prof. Code §§ 17203, 17204 & 17535.

6.     Plaintiff also seeks reasonable attorneys' fees pursuant to (a) the CLRA, which allows a prevailing plaintiff to recover court costs and attorneys' fees as a matter of right, *see* Cal. Civ. Code § 1780€, and (b) California Code of Civil Procedure § 1021.5, as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class.  Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state.

CLASS ACTION COMPLAINT

8.     The Eastern District of California has specific personal jurisdiction over Defendant. Specific jurisdiction over a non-resident defendant exists where: (1) "[t]he non-resident defendant . . . purposefully direct[s] [it]s activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which [it] purposefully avails [it]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" (2) the claim is one that "arises out of or relates to" the defendant's activities in the forum state; and (3) the exercise of jurisdiction comports with "fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff need only establish the first two prongs, while it is the defendant's burden to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

9.     ***Purposeful Availment.*** Under the first prong of the three-part test, "purposeful availment" includes both purposeful availment and purposeful direction, which are two distinct concepts. *Id.* Where a case sounds in tort, as here, courts employ the purposeful direction test. Purposeful direction requires the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger*, 374 F.3d at 802). On information and belief, Defendant regularly sells and ships its products to customers in California, including Plaintiff, who purchased and received Defendant's services in Sacramento County, California. In addition, because Defendant does a substantial amount of business in California, it is knowingly employing an illegal subscription scheme directed at and harming California residents, including Plaintiff.

10.     ***Claim Arising Out of Action in the Forum Prong.*** Under the second prong of the three-part specific jurisdiction test, personal jurisdiction exists where, as here, the claim "arises out of or relates to" the defendant's activities in the forum state. Courts in the Ninth Circuit use a "but for" test to determine whether the claim "arises out of" the nonresident's forum-related activities. In other words, the test is satisfied if the plaintiff would not have suffered loss "but for" defendant's activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Here, Defendants's contact with the forum—knowingly employing an illegal subscription scheme directed at California residents—is the basis of their violations of various

false advertising statutes. But for Defendant's contact with the forum, Plaintiff (and the thousands of other individuals who fell victim to an illegal subscription service) would not have suffered harm.

11. *Venue.* Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 because Defendant:

      a)     is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District;

      b)     does substantial business within this District;

12. is subject to personal jurisdiction in this District because it has availed itself of the laws and markets within this District; and the injury to Plaintiff occurred within this District.

## PARTIES

13. Plaintiff is and at all relevant times mentioned was both a resident of Sacramento County, California and a "consumer," as defined by Cal. Civ. Code § 1761(d) and Cal. Bus. & Prof. Code § 17601(d).

14. Shutterstock is a Delaware corporation with its principal place of business in New York, New York. Shutterstock is and at all relevant times mentioned was a "person," as defined by Cal. Civ. Code § 1761(c).

15. Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as alleged in this Complaint. Defendants shall together be referred to as "Defendants" or "Shutterstock."

## FACTUAL ALLEGATIONS

16. On February 19, 2023, Plaintiff purchased a "FLEX 10 Subscription" (from www.shutterstock.com) for $29.99, from her home in Sacramento County, California. After this initial transaction, however, Shutterstock enrolled Plaintiff into an automatic renewal subscription— automatically charging her another $29.99 on March 19, 2022—without providing the clear and conspicuous disclosures required by California law. When Plaintiff attempted to cancel her subscription on March 29, 2023, she was charged $40.00 as an "Early Cancellation Fee."

17.     Automatic renewal subscriptions affecting California consumers are governed by the ARL, Cal. Bus. & Prof. Code §§ 17600, *et seq.*, which requires companies like Shutterstock to clearly and conspicuously explain "automatic renewal offer terms," including by providing the following clear and conspicuous disclosures:

(a) that the subscription or purchasing agreement will continue until the consumer cancels;

(b) the description of the cancellation policy that applies to the offer;

(c) the recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known;

(d) the length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer; and

(e) the minimum purchase obligation, if any.

*See* Cal. Bus. & Prof. Code § 17601(b)(1) – (5).

18.     None of the above disclosures were properly provided to Plaintiff.

19.     Shutterstock also failed to provide a means for Plaintiff to cancel by using a "cost-effective, timely, and easy-to-use mechanism for cancellation."  *Id.*, § 17602(b).

20.     Critically, the ARL requires the automatic renewal offer terms must be presented to the consumer both:

(a) *before* the purchasing contract is fulfilled, and in "visual proximity" to the *request for consent to the offer*; and

(b) *clearly and conspicuously*, defined by the statute as one or more of the following:

  i.     in larger type than the surrounding text;

  ii.    in contrasting type, font, or color to the surrounding text of the same size; or

  iii.   set off from the surrounding text of the same size by symbols or other marks in a manner that clearly calls attention to the language.

*See id.*, §§ 17602(a)(1) & 17601(c).

CLASS ACTION COMPLAINT

21.     Shutterstock does not clearly and conspicuously disclose its automatic renewal offer terms in the manner required by Section 17602.  For example, Shutterstock does not use bold, highlighted, all-capitalized, or different-colored text for the automatic renewal terms; there is no "call out" box or anything like that near the terms.  Instead, the disclosures appear in very small font, and are deliberately difficult to read.



22.     Nor does Shutterstock properly disclose (a) any description of the cancellation policy that applies to the offer; (b) that the recurring charges will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan; or (c) when the consumer will be charged.  In Plaintiff's case, she was billed on February 19, 2023, then billed again—without notice—on March 19, 2023.

23.     In addition, Plaintiff did not receive an ARL-compliant retainable acknowledgement (e.g., email) explaining or providing (i) the automatic renewal offer's terms, (ii) the cancellation policy, and (iii) information about how to cancel Shutterstock's services.  All are required by law.  *See* Cal. Bus. & Prof. Code § 17602(a)(3).

24.     The ARL also requires that "a business that allows a consumer to accept an automatic renewal or continuous service offer online shall allow a consumer to terminate the automatic renewal or continuous service *exclusively online, at will*, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately."  Cal. Bus.

& Prof. Code § 17602(d)(1).  The online method of termination must be in the form of either: (a) "[a] prominently located direct link or button which may be located within either a customer account or profile, or within either device or user settings," or (b) "[b]y an immediately accessible termination email formatted and provided by the business that a consumer can send to the business without additional information." *Id.*  Shutterstock violated these provisions, as well.

25.    If Plaintiff had known that Shutterstock was going to enroll her in a program under which it would automatically renew her purchase for a subsequent term and post associated charges to her credit card without authorization, Plaintiff would not have purchased Shutterstock's product and would not have paid any money to it.

## **CLASS ACTION ALLEGATIONS**

26.    Plaintiff brings this action on behalf of herself and all persons similarly situated pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following class:

> All persons in the United States who purchased a product or service from Shutterstock, Inc. as part of an automatic renewal plan or continuous service offer within the four years prior to the filing of this Complaint.

27.    The above-described class of persons shall hereafter be referred to as the "Class." Excluded from the Class are any and all past or present officers, directors, or employees of Shutterstock, any judge who presides over this action, and any partner or employee of Class Counsel.  Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

28.    In the alternative, Plaintiff seeks certification of the following class pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure:

> All persons in California who purchased a product or service from Shutterstock as part of an automatic renewal plan or continuous service offer within the four years prior to the filing of this Complaint.

29.     **Numerosity**.   The Class is so numerous that joinder of all members in one action is impracticable.  The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but on information and belief, Plaintiff alleges that there are thousands of members of the Class.  The precise number of Class members is unknown to Plaintiff.

30.     **Typicality**.   Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class she seeks to represent.   Identical to all members of the Class, Shutterstock (a) enrolled Plaintiff in an automatic renewal and continuous service subscription without providing clear and conspicuous disclosures as required by California law; (b) charged Plaintiff for those services without obtaining her affirmative consent; (c) did not provide Plaintiff with information on how to cancel those services; (d) did not provide Plaintiff with a cost-effective, timely, and easy-to-use mechanism for cancellation, nor a method of cancellation required by § 17602; and (e) failed to send an ARL-compliant retainable acknowledgement consistent with Cal. Bus. & Prof. Code § 17602(a)(3). Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class.  Defendant has no defenses unique to the Plaintiff.

31.     **Adequacy of Representation**.   Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.   Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and her counsel intend to prosecute this action vigorously.  Plaintiff has no antagonistic or adverse interests to those of the Class.

32.     **Existence and Predominance of Common Questions of Law or Fact**.   Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class.   These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

(a)  Do Shutterstock's automatic renewal practices violate the ARL, Cal. Bus & Prof. Code §§ 17600, *et seq*.?

(b)  Does Shutterstock violate the CLRA, Cal. Civ. Code §§ 1750, *et seq*.?

(c)  Does Shutterstock violate the UCL, Cal. Bus. & Prof. Code §§ 17200, *et seq.*?

(d) Whether the members of the Class are entitled to damages and/or restitution.

(e) What type of injunctive relief is appropriate and necessary to enjoin Shutterstock from continuing its unlawful automatic renewal practices?

(f) Whether Shutterstock's conduct was undertaken with conscious disregard of the rights of the members of the Class and was done with fraud, oppression, and/or malice.

33.    **Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.  Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered.  Even if every member of the Class could afford individual litigation, the adjudication of at least thousands of identical claims would be unduly burdensome to the courts.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

34.    By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the members of the Class.  Plaintiff anticipates no difficulty in the management of this action as a class action.  The prosecution of separate actions by individual members of the Class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class who are not parties to such adjudications, or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

35.    **Ascertainability**.  Upon information and belief, Shutterstock (a publicly traded company) keeps extensive computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs.  Shutterstock has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and it maintains contact information, including e-mail addresses and home addresses (such as billing, mailing, and shipping addresses), through which notice of this action is capable of being disseminated in accordance with due process requirements.

36.     The California Class also satisfies each of the class action requirements set forth above. The allegations set forth above with regards to the Class, therefore, apply equally to the California Class.

**FIRST CAUSE OF ACTION**

**Violation of the California Consumer Legal Remedies Act,**

**Cal. Civ. Code §§ 1750, *et seq*. (Automatic Renewal Law)**

**(By Plaintiff Against Defendants on Behalf of the Class)**

37.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph.

38.     The CLRA is a California consumer protection statute which allows plaintiffs to bring private civil actions for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction . . . which results in the sale or lease of goods or services to any consumer."  Cal. Civ. Code § 1770(a).  The purposes of the CLRA are "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."  Cal. Civ. Code § 1760.

39.     California enacted the ARL "to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service."  Cal. Bus. & Prof. Code § 17600.

40.     Plaintiff and each member of the Class are "consumers" as defined by California Business & Professions Code section 17601(d).  Shutterstock's sales of its products on its website to Plaintiff and the Class were for an "automatic renewal" within the meaning of California Business & Professions Code section 17601(a).

41.     Defendants failed to clearly and conspicuously disclose (a) the nature of the subscription agreement as one that will continue until the consumer canceled, (b) how to cancel the subscription, (c) the recurring amounts that would be charged to the consumer's payment account, (d) the length of the automatic renewal term, or (e) any minimum purchasing obligation(s).

42.     Defendants have violated several of the ARL's provisions:

(a) Defendants have violated Cal. Bus. & Prof. Code § 17602(a)(1) because their offer did not "include a clear and conspicuous explanation of the price that will be charged . . .";

(b) Defendants have violated Cal. Bus. & Prof. Code § 17602(a)(2) by charging consumers'

credit and debit cards without first obtaining their "affirmative consent" to the charge; and

(c) Defendants have violated Cal. Bus. & Prof. Code § 17602(d)(1) by failing to "allow a consumer" who "accept[s] an automatic renewal or continuous service offer online" to "terminate the automatic renewal or continuous service exclusively online, at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately."

(d) Defendants have violated Cal. Bus. & Prof. Code § 17602(a)(3) by failing to provide a permanently retainable post-transaction acknowledgment that allows cancellation before payment.

43.      Through their violations of the ARL, Defendants have violated the CLRA.  *See King*, 393 F.Supp.3d at 870 (an ARL violation can form the basis for a CLRA claim); *see also Pluralsight*, 728 F. App'x at 676–77 ("[Plaintiff's] complaint alleges that Pluralsight violated the ARL by charging him without first providing information on how to cancel the subscription.  The record also indicates that consumers signing up for trial subscriptions were not specifically given instructions on how to cancel before payment.  This amply satisfies the UCL requirement that an unlawful business practice be any violation of 'other laws.'").

44.      Pursuant to Cal. Civ. Code § 1782, on November 4, 2022, Plaintiff's counsel notified Defendants in writing (by certified mail, with return receipt requested) of the particular violations of the CLRA and demanded that they correct or agree to correct the actions described in this Complaint, including by giving notice to all affected consumers.

45.      Defendants did not agree to rectify the problems associated with the actions described above and to give notice to all affected consumers within 30 days of the date of the written notice, as prescribed by § 1782.

46.      Plaintiff seeks actual, consequential, punitive, and statutory damages, as well as mandatory attorneys' fees and costs, against Defendants.

**SECOND CAUSE OF ACTION**

**Violation of the Unfair Competition Law (Bus. & Prof. Code, §§ 17200, *et seq.*)**

**(By Plaintiff Against Defendants on Behalf of the Class)**

47. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph.

48. The UCL prohibits, and provides civil remedies for, "unfair competition," which is defined as "any unlawful, unfair or fraudulent business act or practice." The UCL is written in "sweeping language" to include "anything that can properly be called a business practice and that at the same time is forbidden by law." *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264 (1992) (internal brackets and quotation marks omitted).

49. The UCL has several substantive "prongs" which are a function of the statutory definition of "unfair competition." More specifically, under the UCL, "unfair competition" includes (i) an "unlawful" business act or practice, (ii) an "unfair" business act or practice, and (iii) a "fraudulent" business act or practice. *See* Bus. & Prof. Code, §§ 17200, *et seq.*

50. The "unlawful" prong of the UCL makes a violation of the underlying law a *per se* violation of the UCL. "By defining unfair competition to include any '*unlawful* . . . business act or practice,' the UCL permits violations of other laws to be treated as unfair competition that is independently actionable." *Kasky*, 27 Cal.4th at 950 (emphasis in original).

51. Defendants committed "unlawful," "unfair," and/or "fraudulent" business practices by, among other things: (a) enrolling Plaintiff and the Class in an automatic renewal and continuous service subscription without providing clear and conspicuous disclosures as required by California law; (b) charging Plaintiff and the Class for those services without obtaining the requisite affirmative consent; (c) failing to provide Plaintiff or the Class with information on how to cancel those services; (d) failing to provide Plaintiff or the Class with a cost-effective, timely, and easy-to-use mechanism for cancellation, nor a method of cancellation required by § 17602; and (e) failing to send an ARL-compliant retainable acknowledgement consistent with Cal. Bus. & Prof. Code § 17602(a)(3). Plaintiff reserves the right to allege other violations of law that constitute unlawful, unfair, or fraudulent business acts or practices.

52. Defendants' acts and omissions as alleged in this Complaint violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical,

oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

53.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described in this Complaint.

54.     Defendants' acts, omissions, nondisclosures, and misleading statements as alleged in this Complaint were and are false, misleading, and/or likely to deceive the consuming public.

55.     Plaintiff has suffered injury in fact and lost money as a result of Defendants' acts of unfair competition.

56.     Pursuant to § 17203, Plaintiff and all Class members are entitled to restitution of all amounts Defendants received from them as a result of the foregoing conduct during the four years preceding the filing of this Complaint and continuing until Defendants' acts of unfair competition cease.

57.     Pursuant to § 17203, Plaintiff is entitled to an order enjoining Defendants from committing further acts of unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment in favor of herself and the Class as follows:

1.     For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel.

2.     For an injunction putting a stop to the illegal conduct described herein and ordering Defendants to correct their illegal conduct and refrain from automatically charging consumers without properly informing them in the future.

3.     For an order awarding Plaintiff and the proposed Class members actual, consequential, restitution, punitive, and statutory damages, as appropriate.

4.     For pre- and post-judgment interest and costs of suit incurred herein.

5.     For attorneys' fees incurred herein.

6.     For such other and further relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT

DATED:  June 28, 2023               **TAULER SMITH, LLP**

                               By:     /s/ *Robert Tauler*
                                       Robert Tauler, Esq.

                                       *Attorneys for Plaintiff Bridgette Davis*

CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

DATED:  June 28, 2023

**TAULER SMITH, LLP**

By:    /s/ *Robert Tauler*
Robert Tauler, Esq.

*Attorneys for Plaintiff Bridgette Davis*

CLASS ACTION COMPLAINT