UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bridgette Davis, | No. 2:23-cv-01241-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Shutterstock, Inc., | |
| Defendant. | |

Plaintiff Bridgette Davis brings this putative class action against defendant Shutterstock, Inc., for violating California's consumer protection laws. Shutterstock moves to dismiss the complaint, or in the alternative, to strike the class allegations. The court takes the matter under submission without holding a hearing and **grants** the motion.

**I.    BACKGROUND**

California enacted its Automatic Renewal Law (ARL) in 2010 "to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code § 17600. Among other prohibitions, the statute makes it "unlawful for any business that makes an automatic renewal offer . . . to a consumer" to fail to present the terms of an automatic renewal offer in a "clear and conspicuous manner[.]" *Id.* § 17602(a)(1). The

statute defines consumer as "any individual who seeks or acquires, by purchase or lease, any goods, services, money, or credit for personal, family, or household purposes." *Id.* § 17601(d).

On February 19, 2023, plaintiff purchased an online subscription for $29.99 from Shutterstock for "personal use." First Am. Compl. (FAC) ¶ 16, ECF No. 16. Defendant "enrolled Plaintiff into an automatic renewal subscription" and charged her with an additional $29.99 the next month. *Id.* ¶ 19. When plaintiff tried to cancel her subscription, defendant charged her with a $40.00 "Early Cancellation Fee." *Id.* Among other violations, plaintiff alleges defendant did not properly provide any of the disclosures required by the ARL. *Id.* ¶¶ 21–27. In support, plaintiff attached a screenshot of an order summary and checkout page for a "FLEX 10 Annual Subscription, Monthly." *Id.* ¶ 24. Plaintiff alleges she would not have purchased defendant's product had she known it was going to enroll her in an automatic subscription renewal service and post charges to her credit card without her authorization. *Id.* ¶ 28.

Plaintiff filed this putative class action in June 2023 and alleges Shutterstock violated the ARL. *See* Compl., ECF No. 1. Although the ARL does not create a private right of action, it can serve as the basis of a claim under other consumer protection statutes such as California's Consumer Legal Remedies Act (CLRA) and Unfair Competition Law (UCL). *See Arnold v. Hearst Mag. Media, Inc.*, No. 19-1969, 2020 WL 3469367, at *7 (S.D. Cal. June 25, 2020) (citations omitted). Here, plaintiff brings the following two claims against Shutterstock individually and on behalf of the putative class: 1) violation of the CLRA and 2) violation of the UCL. *Id.* ¶¶ 39–59. Defendant now moves to dismiss plaintiff's complaint. Mot., ECF No. 17. Plaintiff opposes, Opp'n, ECF No. 22, and defendant has replied, Reply, ECF No. 23.

**II.    LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In response, the court begins by assuming the complaint's factual allegations are true, but not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citation omitted). The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Federal Rule of Civil Procedure 8. *Id.* at 679; *see* Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . a short and plain statement

of the claim showing that the pleader is entitled to relief[.]"). Although a complaint does not need "detailed factual allegations," it must have more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678 (citations omitted).

### III. ANALYSIS

Plaintiff alleges defendant violated the CLRA and UCL by violating the ARL. *See* Compl. ¶¶ 2–4, 44–45, 52–53. As noted, the ARL protects consumers and makes it unlawful for businesses to engage in certain conduct in the course of making an automatic renewal offer to a consumer. Cal. Bus. & Prof. Code §§ 17600, 17601(a).

Because plaintiff has not sufficiently alleged she is a consumer, the two claims must be dismissed. *See* Mot. at 14. Plaintiff generally alleges she is a consumer, FAC ¶¶ 13, 42, and "purchased her subscription for personal use," *id.* ¶ 16. This is not sufficient. Plaintiff does not provide any additional information to support her claim; she does not explain or identify what services she obtained, which subscription plan she purchased, and what she used or planned to use the subscription for. For example, although plaintiff includes a screenshot of a checkout page for a "FLEX 10 Annual Subscription, Monthly," *id.* ¶ 24, she does not allege she purchased that particular plan. She also does not allege she purchased the subscription for a personal purpose as opposed to a commercial purpose. *See* Cal. Bus. & Prof. Code § 17601(d) (defining consumer); *compare* Mot. at 17 (noting "it is implausible" that Shutterstock's subscriptions would be intended for personal purposes when its FLEX subscriptions are specifically marketed to small and medium-size business) *with* Opp'n at 4 (noting a Shutterstock article that states standard licenses can be used for personal, non-commercial use).[1] Here, plaintiff's allegations do not support her claim that she is a consumer as defined by the ARL. *Cf. Finch v. Transworld Sys. Inc.*, No. 21-01236, 2023 WL 3008070, at *3 (D. Ariz. Apr. 19, 2023) (broad assertion alleging

---

[1] The court takes judicial notice of the contents of the Shutterstock's website and **grants** both parties' requests for judicial notice. Def.'s Req. Judicial Notice, ECF No. 18; Pl.'s Req. Judicial Notice, ECF No. 22-2; *see Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021) ("Courts [] routinely consider the 'full page [of a] website' where, as here, '[a] portion of the page' is quoted or relied on in the complaint." (citation omitted)).

plaintiff is a consumer without providing other allegations in support is insufficient to state a claim under the Fair Debt Collection Practices Act).  Therefore, her claims must be dismissed.

## IV.   CONCLUSION

For the reasons above, defendant's motion is **granted**.  Plaintiff's complaint is **dismissed with leave to amend**, if possible, within the confines of Rule 11.  *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("[I]n dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").  Any amended complaint shall be filed within **21 days**.  The status (pretrial scheduling) conference set for November 3, 2023, is hereby **vacated**.

This order resolves ECF No. 17.

IT IS SO ORDERED.

DATED:  October 17, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE