UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bridgette Davis, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>Shutterstock, Inc., a Delaware corporation; and Does 1 to 10, inclusive,<br>                    Defendants. | No. 2:23-cv-01241-KJM-DB<br><br>ORDER |

Plaintiff Bridgette Davis brings this putative class action against defendant Shutterstock, Inc.,[1] for alleged violations of California's consumer protection laws. Shutterstock moves to dismiss plaintiff's second amended complaint, or in the alternative, to strike the class allegations. The court took the matter under submission without holding a hearing and **denies** the motion.

---

[1] Plaintiff also names Doe defendants. While Doe defendants are disfavored in federal court, if a defendant's identity is unknown before the complaint is filed, a "plaintiff should be given an opportunity through discovery to identify the unknown defendants[.]" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). But the court will dismiss such unnamed defendants if "it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* (quoting *Gillespie*, 629 F.2d at 642). The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

1

## I.     BACKGROUND

California enacted its Automatic Renewal Law (ARL) in 2010 "to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code § 17600.  Among other prohibitions, the statute makes it "unlawful for any business that makes an automatic renewal offer . . . to a consumer" to fail to present the terms of an automatic renewal offer in a "clear and conspicuous manner[.]" *Id.* § 17602(a)(1).  The statute defines "consumer" as "any individual who seeks or acquires, by purchase or lease, any goods, services, money, or credit for personal, family, or household purposes." *Id.* § 17601(d).

Plaintiff is a "graphic arts hobbyist who enjoys creating visual content" for herself, friends and family.  Second Am. Compl. (SAC) ¶ 17, ECF No. 25.  She uses stock images to create social media content and other items such as t-shirts, mugs and pillows. *Id.*  On February 19, 2023, plaintiff alleges she purchased a "FLEX 10 Annual Subscription, Monthly" online subscription for $29.99 from Shutterstock for personal use. *Id.* ¶¶ 16–18.  She purchased the subscription to create items for herself, family and friends as a hobby, and not for commercial use. *Id.* ¶ 18.

After the initial transaction, defendant "enrolled Plaintiff into an automatic renewal subscription" and charged her with an additional $29.99 the next month. *Id.* ¶ 21.  When plaintiff tried to cancel her subscription, defendant charged her a $40.00 "Early Cancellation Fee." *Id.*  Among other violations, plaintiff alleges defendant did not properly provide any of the disclosures required by the ARL. *Id.* ¶¶ 22–28.  Plaintiff would not have purchased defendant's product had she known it was going to enroll her in an automatic subscription renewal service and post charges to her credit card without her authorization. *Id.* ¶ 30.

Plaintiff filed this putative class action in June 2023, alleging Shutterstock violated the ARL.  *See* Compl., ECF No. 1.  Plaintiff amended her complaint, First Am. Compl. (FAC), ECF No. 16, which the court dismissed with leave to amend because plaintiff did not sufficiently allege she was a consumer, as defined by the ARL, Prior Order, ECF No. 24.  Plaintiff has now filed the second amended complaint.  Plaintiff brings the following two claims against Shutterstock individually and on behalf of the putative class: 1) violation of the California's

Consumer Legal Remedies Act (CLRA) and 2) violation of the Unfair Competition Law (UCL). SAC ¶¶ 41–61. Defendant moves to dismiss plaintiff's second amended complaint. Mot., ECF No. 26. Plaintiff opposes, Opp'n, ECF No. 28, and defendant has replied, Reply, ECF No. 29. The court submitted the matter without oral argument. Min. Order, ECF No. 30.

## II.    MOTION TO DISMISS

Plaintiff alleges defendant violated the CLRA and UCL by violating the ARL. *See generally* SAC. Although the ARL does not create a private right of action, it can serve as the basis of a claim under other consumer protection statutes, such as the CLRA and UCL. *See Arnold v. Hearst Mag. Media, Inc.*, No. 19-1969, 2020 WL 3469367, at *7 (S.D. Cal. June 25, 2020). As noted, the ARL protects consumers and makes it unlawful for businesses to engage in certain conduct in the course of making an automatic renewal offer to a consumer. Cal. Bus. & Prof. Code §§ 17600, 17601(a). Defendant argues plaintiff's claims must be dismissed because she has failed to plausibly allege she is a consumer as defined by the ARL and because defendant's FLEX 10 Subscription is not offered to consumers. Mot. at 13.[2]

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In response, the court begins by assuming the complaint's factual allegations are true, but not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Federal Rule of Civil Procedure 8. *Id.* at 679; *see* Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Although a complaint does not need "detailed factual allegations," it must have more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678 (citations omitted). The court draws all reasonable inferences in favor of the non-moving party. *See Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1220 (9th Cir. 2022).

---

[2] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

In its prior order, the court found plaintiff's general allegation that she purchased a subscription plan for personal use was not sufficient to state a claim.  Prior Order at 3.  In her first amended complaint, plaintiff did not provide any additional information to support her claim; she did not identify which subscription plan she purchased and what she used or planned to use the subscription for.  *See id.*; *see also* FAC.  Plaintiff has now cured those defects.  She explains she is a graphic arts hobbyist who uses stock images to create social media content and other items such as mugs.  SAC ¶ 17.  She creates visual content for herself, friends and family, and she purchased the FLEX 10 subscription to create personal items and not for commercial use.  *Id.* ¶ 18.  As noted, the ARL defines consumer as "any individual who seeks or acquires, by purchase or lease, any goods, services, money, or credit for personal, family, or household purposes."  Cal. Bus. & Prof. Code § 17601(d).  Plaintiff has sufficiently alleged she is a consumer.

Defendant argues even if plaintiff sufficiently alleged she is a consumer within the meaning of the statute, her complaint must still be dismissed because she did not purchase a "consumer product."  Mot. at 15.  The ARL makes it "unlawful for any business that makes an automatic renewal offer . . . to a consumer" to fail to present the terms of an automatic renewal offer in a "clear and conspicuous manner[.]"  Cal. Bus. & Prof. Code § 17602(a)(1).  The statute does not create any distinctions between a "consumer product" and a "business product."  Rather the statute defines who a consumer is.  *Id.* § 17601(d).  As noted, plaintiff has sufficiently alleged she is a consumer within the meaning of the statute.  Defendant has not cited any authority supporting the proposition that the statute hinges on whether the service or goods offered are consumer services and goods.  Moreover, whether the FLEX 10 Subscription is in fact only offered to businesses and can only be used for commercial or business purposes is a factual inquiry that the court does not resolve on a motion to dismiss.[3]  *See Unicon Fin. Servs., Inc. v.*

---

[3] In resolving this motion the court need not rely on the exhibits defendant submitted in support of its motion and so **declines** to take judicial notice of those exhibits.  *See* Req. Judicial Notice, ECF No. 27; *see also L.A. Waterkeeper v. SSA Terminals, LLC*, No. 22-01198, 2023 WL 7960773, at *4 (C.D. Cal. Nov. 14, 2023) (similarly declining to take judicial notice of an exhibit the court did not rely on in deciding the motions and collecting cases).

*Intercept*, No. 04-07965, 2004 WL 7338411, at *5 (C.D. Cal. Nov. 15, 2004) (similarly holding court cannot resolve factual disputes on a motion to dismiss and collecting cases).

Finally, defendant argues plaintiff's claims must be dismissed because she has failed to sufficiently allege how defendant's disclosures were deficient and how they violated the ARL. Mot. at 18–20. Plaintiff's amended complaint specifies which disclosures were not provided, SAC ¶¶ 22–23, 27–28; she alleges defendant did not provide a cost-effective mechanism for cancellation and charged her a $40 cancellation fee, *id.* ¶¶ 21, 24; and she claims defendant did not clearly and conspicuously disclose the automatic renewal terms, *id.* ¶ 26. Plaintiff explains why the disclosures she did receive were deficient and alleges she would not have purchased the subscription if she had known defendant was going to enroll her into an automatic renewal plan. *Id.* ¶¶ 22–30. Rule 8 still "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations in plaintiff's complaint give defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. The motion to dismiss is **denied**.

### III.   MOTION TO STRIKE

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

Defendant does not argue plaintiff's complaint includes redundant, immaterial, impertinent or scandalous matters. *See generally* Mot. Rather, defendant argues the proposed class includes members who are not consumers and therefore, moves to strike plaintiff's class allegations as overbroad. *See* Mot. at 20–22 (citing SAC ¶ 31).

5

"Motions to strike are generally regarded with disfavor[.]" *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); *see also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." (citation omitted)).  Because the class certification stage is the more appropriate time to consider striking a class allegation, motions to strike class allegations during the pleading stage are particularly disfavored.  *See, e.g.*, *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *see also Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 n.5 (9th Cir. 2011) (court abuses its discretion by dismissing a class action if the "propriety of a class action cannot be determined . . . without discovery" (citations omitted)). Here, defendant's motion to strike is premature; its arguments against the proposed class can be renewed in response to a motion to certify the class.

Defendant's motion to strike class allegations is **denied**.

### IV.   CONCLUSION

For the reasons above, defendant's motion is **denied**.  Defendant must file an answer within fourteen (14) days.

This order resolves ECF No. 26.  A status (pretrial scheduling) conference is set for September 26, 2024, at 2:30 PM in Courtroom 3 (KJM) before Chief District Judge Kimberly J. Mueller, with the filing of a Joint Status Report due fourteen (14) days prior.

IT IS SO ORDERED.

DATED:  July 31, 2024.

CHIEF UNITED STATES DISTRICT JUDGE